85 F.3d 633
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Frank Lawrence BASCO, Appellant,
v.
UNITED STATES of America, Appellee.
 No. 94-2186.
 United States Court of Appeals, Eighth Circuit.
 Submitted: May 7, 1996.
Filed: May 13, 1996.
 
 Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Frank Lawrence Basco pleaded guilty to conspiring to distribute lysergic acid diethylamide (LSD), and to possess it with intent to distribute, in violation of 21 U.S.C. § 846. Because the offense involved 10.25 grams of LSD, including the weight of the carrier medium, the district court[1] concluded that the ten-year mandatory minimum penalty under 21 U.S.C. § 841(b)(1)(A)(v) applied to Basco, see Chapman v. United States, 500 U.S. 453, 461-63 (1991) (weight of LSD for purposes of § 841(b)(1)(A) includes weight of carrier medium), and calculated a Guidelines range of 121 to 151 months imprisonment. Based on the government's departure motions, however, the court ultimately sentenced Basco to 60 months imprisonment and five years supervised release. After the Sentencing Commission amended U.S.S.G. § 2D1.1 by instructing sentencing courts to exclude the weight of the LSD's carrier medium, and to treat each dose of LSD on the medium as equal to 0.4 mg of LSD, see U.S.S.G. § 2D1.1(c), Basco moved to reduce his sentence. The district court noted that, although the amended Guideline range applicable to Basco was 51 to 63 months, the 120-month statutory minimum sentence superseded the lower Guideline range, and the court's departure decision was thus unaffected as a practical matter. This appeal followed.
 
 
 2
 Basco's argument that the district court erred in concluding that the amended Guidelines did not afford him relief is foreclosed by recent decisions from the Supreme Court and this court. See Neal v. United States, 116 S.Ct. 763, 764, 769 (1996) (adhering to Chapman, and holding that § 841(b)(1) directs sentencing court to count actual weight of blotter paper with its absorbed LSD even though Guidelines require different method of calculating weight of LSD mixture or substance); United States v. Stoneking, 60 F.3d 399, 402 (8th Cir.1995) (en banc) (where "per dose approach" of amended Guidelines conflicts with approach in mandatory minimum sentence, "mandatory minimum approach prevails"), cert. denied, 116 S.Ct. 926 (1996).
 
 
 3
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE RODNEY S. WEBB, Chief Judge, United States District Court for the District of North Dakota